IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE HAND PROMOTIONS, INC.                                            PLAINTIFF

v.                                            CIVIL ACTION NO. 3:11cv79-DPJ-FKB

FIRE, LLC                                                           DEFENDANT

ORDER

This Federal Communications Act case is before the Court on Plaintiff's Motion for

Default Judgment [8]. Having reviewed Plaintiff's submission and the docket of this case, the

Court finds that the motion is well-taken and should be granted.

I.      Facts and Procedural History

Plaintiff Joe Hand Promotions, Inc. ("JHP") had exclusive nationwide television

distribution rights to *Ultimate Fighting Championship 90: Silva v. Cote* ("the Program"). JHP

contracted with and granted rights to publicly exhibit the Program to various businesses

throughout North America. Defendant Fire, LLC, did not purchase rights to show the Program at

its establishment but nevertheless exhibited the Program on October 25, 2008.

JHP filed this lawsuit against Fire on February 11, 2011, alleging that Fire "unlawfully

publishe[d], divulge[d] and exhibit[ed] the Program" in violation of the Federal Cable and

Television Consumer Protection and Competition Act, 47 U.S.C. § 553, and the Federal

Communications Act, 47 U.S.C. § 605. Compl. [1] ¶ 12. JHP asserts claims under both federal

statutes as well as a state-law conversion claim. JHP served the Complaint on Fire on April 27,

2011. Fire failed to answer or otherwise appear and, on JHP's motion, the Clerk of Court entered

default against Fire on March 13, 2012 [7]. JHP thereafter moved for a default judgment and an

award of attorney's fees and costs [8].

II.    Analysis

JHP alleges that Fire violated both 47 U.S.C. § 553, relating to communication thefts from a cable network, and 47 U.S.C. § 605, relating to thefts of radio communications, including satellite-television programming. *See J & J Sports Productions, Inc. v. Q & Q Corp., Inc.*, No. H-10-03677, 2011 WL 4457089, at *3 (S.D. Tex. Sept. 23, 2011) (collecting cases). Both statutes provide for private rights of action, but a plaintiff ordinarily "cannot recover under both statutes for the same conduct." *J & J Sports Productions, Inc. v. 291 Bar & Lounge, Inc.*, 648 F. Supp. 2d 469, (E.D.N.Y. 2009); *see also Joe Hand Promotions, Inc. v. Scott's End Zone*, 759 F. Supp. 2d 742, 748 (D.S.C. 2010); *Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F. Supp. 2d 769 (S.D. Tex. 2002) (collecting cases). JHP appears to acknowledge that rule, focusing its argument on its claim for damages under section 605. *See* Pl.'s Mem. [9].

Taking the well-pleaded factual allegations as true, as it must in light of Fire's default, the Court concludes that JHP has established a violation of section 605. *See J & J Sports Productions, Inc. v. Cotorra Cocina Mexicana & Bar LLC*, No. 3:10cv597-CWR-LRA, 2012 WL 1098466, at *2 (S.D. Miss. Mar. 30, 2012) (citations omitted) (stating well-pleaded allegations of the complaint are taken as admitted when a defendant is in default). Courts generally hold that section 605 applies to the theft of satellite transmissions, while section 553 deals with thefts of cable services. *E.g.*, *J & J Sports Productions, Inc. v. Martinez*, No. 3:10cv160-CWR-LRA, 2011 WL 1343050, at *2 (S. D. Miss. Apr. 7, 2011). As Plaintiff points out, because Fire has not appeared, "Plaintiff cannot determine the precise means that the Defendant used to receive the Program unlawfully." Pl.'s Mem. [9] at 3. Because Fire's default

renders JHP unable to ascertain whether section 605 or section 553 applies, the Court will allow JHP to proceed under the former.[1]  *E.g.*, *Scott's End Zone*, 789 F. Supp. 2d at 748.

JHP seeks statutory, rather than actual, damages for Fire's violation of section 605.  *See* 47 U.S.C. § 605(e)(3)(C)(i)(I) & (II).  Section 605 provides for statutory damages of "not less than $1,000 or more than $10,000, as the court considers just . . . ."  *Id.* § 605(e)(3)(C)(i)(II).  In the case of a violation "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the statute permits the Court to enhance an award of statutory damages up to $100,000.  *Id.* § 605(e)(3)(C)(ii).

To assist the Court in arriving at an appropriate damages award, JHP submitted the affidavit of a private investigator who viewed the Program at Fire.  Mot. Default J. [8] Ex. A, Trotter Aff.  She indicated that the Program was shown on nine or more televisions inside Fire, which has a capacity of approximately 600 people, and that 50 patrons were present on the night the Program was shown.  *Id.*  JHP also submitted the affidavit of its president, who stated that Fire did not lawfully license the Program from JHP and that the sublicense fee for Fire to lawfully exhibit the Program would have been over $1,500, based on its capacity.  Mot. Default J. [8] Ex. B, Hand Aff. ¶¶ 7–8.  He further explained that the Program could not have been "mistakenly, innocently or accidentally intercepted."  *Id.* ¶ 9.

---

[1]The primary difference between the statutes lies in the available damages under each, with section 605 providing for statutory damages from $1,000 to $10,000 with a $100,000 maximum enhancement for willful violations, and section 553 providing for statutory damages from $250 to $10,000 with a maximum $50,000 for willful violations.  47 U.S.C. §§ 605(e)(3)(C)(i)(II), 605(e)(3)(C)(ii); 47 U.S.C. §§ 553(c)(3)(A)(ii), 553(c)(3)(B).  In light of the Court's damages award, the distinction matters little in this case.

The Court concludes that an award of enhanced statutory damages for a willful violation is appropriate given the allegations of the Complaint. *See Cotorra Cocina Mexicana & Bar LLC*, 2012 WL at 1098446, at *4. In light of the fact that the sublicense fee for Fire to have lawfully exhibited the Program would have been over $1,500, the Court concludes that a statutory damages award of $3,000 is appropriate.[2] Further, because Fire's violation was willful, the award should be enhanced by an additional $3,000.

The Communications Act requires that the Court award "full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" in an action under § 605. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff has submitted affidavits supporting an attorneys' fee award of $3,335 an award of $1,002.62 in costs, both of which are appropriate.

III.     Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment [8] is granted. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 22nd day of August, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] In its motion for default judgment, JHP states that the license fee would have been $750. Mot. Default J. [8] ¶ 8. However, the affidavits supporting the motion establish that Fire's capacity is approximately 600 people and that a commercial sublicense fee based on that capacity would have exceeded $1,500. *Id.* Ex. A, Trotter Aff; Ex. B, Hand Aff. ¶ 8 & Ex. 1.

4